No. 20-1900

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

CHADRICK FULKS,
    Petitioner–Appellant,

v.

T.J. WATSON, WARDEN,
    Respondent–Appellee.

Capital Habeas Case

District Court Case No. 2:15-CV-33

## UNOPPOSED MOTION FOR EXTENSION OF TIME

The government's brief in the above-captioned case is currently due November 20, 2020. Pursuant to Seventh Circuit Rule 26, the government respectfully requests a 30-day extension of time in which to file its response brief, to and including December 21, 2020. Counsel's declaration in support of this motion is attached hereto.

DATED: November 10, 2020

Respectfully submitted,

s/ William A. Glaser
WILLIAM A. GLASER
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 532-4495

## DECLARATION OF WILLIAM A. GLASER

I, William A. Glaser, hereby make the following declaration:

1. I am an attorney with the U.S. Department of Justice, Criminal Division, Appellate Section, and I am principally responsible for preparing the government's response brief, which is currently due on November 20, 2020.  This is the government's first request for an extension of time.

2. Defendant Chadrick Fulks pleaded guilty in the District of South Carolina to carjacking resulting in death, in violation of 18 U.S.C. § 2119(3); kidnapping resulting in death, in violation of 18 U.S.C. § 1201; and other crimes.  On a jury's recommendation, the district court imposed a sentence of death.  The Fourth Circuit affirmed Fulks's conviction and sentence.  *United States v. Fulks*, 454 F.3d 410 (4th Cir. 2010).  After the district court denied Fulks's motion to vacate his sentence under 28 U.S.C. § 2255, the Fourth Circuit again affirmed.  *United States v. Fulks*, 683 F.3d 512 (4th Cir. 2012).

3. In 2015, Fulks filed a *pro se* motion petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of Indiana.  In 2019, he filed an amended petition arguing for the first time that he is ineligible for the death penalty under *Atkins v. Virginia*, 536 U.S. 304 (2002), because he is mentally disabled. The district court denied Fulks's motion, concluding that his § 2241 petition was barred by § 2255(e)'s "saving clause," which prevents recourse to § 2241 unless a

2

prisoner's remedy under § 2255 is inadequate or ineffective to test the legality of his sentence.

4. Fulks's opening brief was initially due on July 8, 2020.  After obtaining four extensions, Fulks filed his opening brief on October 21, 2020.  In his brief, Fulks renews his *Atkins* claim and argues that he satisfies § 2255(e)'s "saving clause" based on recent Supreme Court decisions and updates to the manuals used to diagnose intellectual disability.

5. I have been diligently preparing the government's brief.  I will require additional time, however, to complete the brief.  The issues in the brief are complex, involving the intersection of the Supreme Court's Eighth Amendment precedent relating to the definition of intellectual disability and this Court's cases relating to the saving clause.  Fulks also raises arguments based on updates to medical manuals, including the Diagnostic and Statistical Manual of Mental Disorders and the American Association on International and Developmental Disabilities' manual.  I am in the process of locating the prior versions of those manuals in order to evaluate and respond to Fulks's claims that the updates affected the viability of his *Atkins* claim.

6. I have also been engaged in other matters that have required or will require my attention before November 20, including:

3

- An oral argument in *United States v. Millan-Machuca, et al.*, Nos. 18-2175, 18-2179, 18-2189, 18-2195 (1st Cir.), on October 28, 2020.

- Drafting briefs in opposition to certiorari in *Gonzalez-Ferretiz v. United States*, No. 20-6049 (currently due November 16, 2020) and *Segura-Virgen v. United States*, 20-6066 (currently due November 19, 2020).

7. Peter Williams, counsel for Fulks, does not object to this motion. In accordance with Circuit Rule 26(3), I sent a copy of a draft of this motion to counsel on November 10, 2020.

8. Defendant-Appellant Fulks is in custody.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 10, 2020, in Herndon, Virginia.

Respectfully submitted,

s/ William A. Glaser
WILLIAM A. GLASER
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 532-4495

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because the body of the motion contains 63 words and the body of the attached declaration contains 574 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point type.

s/ William A. Glaser
WILLIAM A. GLASER

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2020, I electronically filed the foregoing document with the United States Court of Appeals for the Seventh Circuit using the CM/ECF system.  I certify that all other participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

s/ William A. Glaser
WILLIAM A. GLASER
